OPINION
Appellant, James P. Masterson, forfeited bond in relation to a charge of possession of a fictitious license on August 21, 1996. On March 22, 1999, he filed a motion to expunge his record. The trial court refused to expunge the record stating that it was a traffic offense not subject to expungement.
Appellant appeals contending that the trial court erred and abused its discretion when it refused to expunge appellant's bond forfeiture on a charge of fictitious license.
While appellant was a minor he produced a fictitious driver's license for attempted access to a bar. The license was a Nebraska license, and the door keeper denied him admission when he admitted it was fictitious. The police charged him with possession of a fictitious license, pursuant to Columbus City Code ("CCC") Section 2135.03(A). He forfeited bond and after expiration of more than one year, filed a motion to expunge the record, a motion which the trial court denied, stating that it could not be expunged because it was a traffic violation.
R.C. 2953.32(A)(1)(2), sealing of record of conviction or bond forfeiture provides in pertinent part as follows:
 (1) * * * [a] first offender may apply to the sentencing court if convicted in this state for the sealing of the conviction record[.] * * * Application may be made at the expiration of * * * one year after the offender's final discharge if convicted of a misdemeanor.
 (2) Any person who has been arrested for any misdemeanor offense and who has effected a bail forfeiture may apply to the court in which the misdemeanor criminal case was pending when bail was forfeited for the sealing of the record of the case.
The only pertinent issue in this case is whether appellant meets the definition of a "first offender." A first offender is defined by R.C. 2953.31(A) as follows:
 "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. * * *
 For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for any violation of any section in Chapter 4511; 4513, or 4549 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters, is not a previous or subsequent conviction. A conviction for a violation of section 4511.19, 4511.192
[4511.192], 4511.251 [4511.251], 4549.02, 4549.021
[4549.021], 4549.03, 4549.042 [4549.042], or 4549.07, or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction.
* * *
 (C) "Bail forfeiture" means the forfeiture of bail by a defendant who is arrested for the commission of a misdemeanor, other than a defendant in a traffic case as defined in Traffic Rule 2, if the forfeiture is pursuant to an agreement with the court and prosecutor in the case.
Traf.R. 2 contains the following definition: "`Traffic cases' means all proceedings involving violations of laws, ordinances and regulations governing the operation and use of vehicles, conduct of pedestrians in relation thereto, and governing weight, dimension, loads or equipment or vehicles drawn or moved on highways and bridges."
The issue is then whether appellants forfeiture of bail was in regard to a traffic case as defined in Traf.R. 2.
The actual charge was a violation of CCC Section 2135.03(A), "that appellant did unlawfully display and possess any driver's license, to wit, Nebraska B0057879 knowing the same to be fictitious." That provision is contained within CCC Chapter 2135, and is entitled "Licensing and Accidents."
The actual facts of the offense show, unequivocally, that the license was possessed to obtain admission as a minor to a bar. There is no evidence whatsoever, that it was possessed or used as justification to operate a motor vehicle. Is it a traffic offense when the fictitious driver's license is possessed for a reason other than anything related to the operation or use of a motor vehicle? We think that the appropriate resolution of this question is to examine the events in relation to what actually occurred, rather than the location of the offense in the CCC or whether other actions involving the use of a fictitious driver's license would qualify as a traffic offense. In considering this question, we note that the Ohio Supreme Court has held that the expungement provisions are remedial and should be liberally construed. Barker v. State (1980), 62 Ohio St.2d 35.
R.C. 1.11 provides as follows:
 Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed as no application to remedial laws; that this section does not require a liberal construction of laws effecting personal liberty relating to amercement, or of a penal nature.
Appellant's assignment of error is sustained. The facts of this case in relation to the violation for which appellant forfeited bond do not fit the definition of a traffic case as defined in Traf.R. 2. The violation was not one involving the operation and use of vehicles or conduct of pedestrians in relation thereto.
The judgment of the Franklin County Municipal Court is reversed and the case is remanded to the trial court to expunge the bond forfeiture from appellant's record.
Judgment reversed; cause remanded.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
PETREE and BROWN, JJ., concur.